IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Texas Hill Country Landscaping Inc. and Morning Star Farms, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 20-cv-0227 |
| v. | ) ) ) | Judge Joan B. Gottschall |
| Caterpillar, Inc., | ) ) | |
| Defendant. | ) | |

## ORDER

The parties have filed a stipulation of dismissal (ECF No. 87) of plaintiffs' individual claims. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiffs argue that the language of Rule 23(e) does not require approval of the proposed dismissal because no class has been certified, but they cite no authority for that proposition. *See* ECF No. 87 at 1.

Several courts have concluded, in nonbinding cases, that the 2003 amendments to Rule 23(e) make the rule applicable only to certified class actions. *E.g., Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1081–83 (8th Cir. 2017); *Buller v. Owner Operator Indep. Driver Risk Retention Grp., Inc.*, 461 F. Supp. 2d 757, 764 (S.D. Ill. 2006) (citations omitted); *see also* 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1797 (West 2022). The Seventh Circuit does not appear to have addressed this question. Under the Seventh Circuit's reading of the pre-2003 version of Rule 23(e), courts had the discretion to decide whether to send notice of a proposed settlement or voluntary dismissal to an uncertified class. *See Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 625–28 (7th Cir. 1986).

To the extent any discretion to order notice exists after the 2003 amendments to Rule 23(e) (this is doubtful), this court has been given no reason to exercise such discretion and

impose upon the parties the "exceedingly costly burden" of sending notice to the putative class. *Glidden*, 808 F.2d at 627 (citing *Simer v. Rios*, 661 F.2d 655, 665 (7th Cir. 1981)). There is no indication that any unnamed class members have been given notice of, or relied on the pendency of, this putative class action. Cf. *In re Comdisco Secs. Litig.*, 200 F.R.D. 611, 613 (N.D. Ill. 2001).

      Accordingly, this case is dismissed with prejudice pursuant to the parties' stipulation of dismissal, with each party to bear its own costs.

Dated: June 22, 2022                                        /s/
                                                                          Joan B. Gottschall
                                                                          United States District Judge